UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

======================================

CHAYA GROSS individually and
on behalf of all others similarly situated

                        Plaintiff,

     -against-

GC SERVICES LIMITED PARTNERSHIP

                        Defendant.

======================================

## CLASS ACTION COMPLAINT

### *I.    Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1. Plaintiff Chaya Gross brings this action to secure redress from unlawful collection practices engaged in by Defendant GC Services Limited Partnership. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Factual Allegations

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about March 26, 2016, GC Services Limited Partnership sent a collection letter to the Plaintiff Chaya Gross.

12. Said letter was an effort to collect on a consumer debt and was the Defendant's initial communication with the Plaintiff.

13. Said letter stated as follows: "UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' **INITIAL WRITTEN NOTICE** TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGEMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR." (emphasis added)

14. Section 1692g(a) of the FDCPA requires that:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. Said Notice is an important statutory right which must be effectively and

clearly conveyed to the debtor.

16. The Notice in said letter however, implies that the thirty-day period for a consumer to dispute a debt begins at the receipt of Defendant's "*INITIAL WRITTEN NOTICE*" to the consumer.

17. Said Notice does not however imply, that the thirty-day period to dispute a debt and/or obtain verification begins at the receipt of the Defendant's actual letter.

18. Said Notice is in violation of the FDCPA as it failed to effectively and clearly convey to the Plaintiff and the unsophisticated consumer, the correct time-frame in which a dispute need be submitted to the Defendant in order to invoke the protections of the FDCPA.

19. The language, "*INITIAL WRITTEN NOTICE*" can cause the debtor and the unsophisticated consumer to be confused and misled as to when the thirty-day dispute period begins and/or ends.

20. Said collection letter was deceptive and misleading.[1]

21. Said letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g for sending a collection letter which fails to effectively provide the Validation-Rights Notice required by law, and for engaging in deceptive practices.

22. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

23. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

24. The Plaintiff alleges and avers that the Defendant violated the Plaintiff's

---

[1] *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("[t]hough it also protects the interests of law-abiding debt collectors, the Act is primarily a consumer protection statute, and we have consistently interpreted the statute with that congressional object in mind.")

right not to be the target of misleading debt collection communications.

25.     The Plaintiff alleges and avers that the Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

26.     The Plaintiff alleges and avers that the Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

27.     The Plaintiff alleges and avers that the Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

28.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that the Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

29.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

30.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *V.    Class Allegations*

31. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

33. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

35. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

38. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

39. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

41. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.  First Cause of Action

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. This cause of action, brought on behalf of Plaintiff and the members of a class, consists of all persons whom Defendant's records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b) the letter was sent to a consumer seeking payment of a personal debt;

    c) the letter was not returned by the postal service as undelivered;

    d) the Validation Notice in said March 26, 2016 letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g for sending a collection letter which failed to effectively provide the Validation-Rights Notice required by law, and for engaging in deceptive practices.

### VII.  Violations of the Fair Debt Collection Practices Act

44. Defendant's actions as set forth in the complaint violated the FDCPA.

45. Because Defendant violated the FDCPA, Plaintiff and members of the class are entitled to damages in accordance with the FDCPA.

46. As a direct and proximate result of these violations Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.    Jury Demand*

47. Plaintiff demands a trial by jury.

### *IX.    Prayer for Relief*

48. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
 February 14, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

DEPT. HOVS 052
PO BOX 3044
LIVONIA MI 48151-3044
RETURN SERVICE REQUESTED

GC Services Limited Partnership
6330 Gulfton, Houston, TX 77081

📞 Please call: **(800) 846-6406**
Between 8:00 AM and 9:00 PM.

✉ USE ENCLOSED ENVELOPE AND SEND PAYMENT TO:

P5IBPD00201335 - 127268296 I02670
CHAYA GROSS
8
6 WALTER DR
MONSEY NY 10952-3129

PO BOX 46960
SAINT LOUIS MO 63146

| YOU OWE: **AMERICAN EXPRESS** | GC NUMBER: [Redacted]0017 |
| CLIENT ACCOUNT NUMBER: **ENDING 21002** | BALANCE DUE: **$113,356.57** |

✂ *Please detach and return upper portion of statement with payment* ✂

March 26, 2016

File Number: [Redacted]
Client Account Number: ENDING 21002

### NOTICE OF RETURNED CHECK

Dear Chaya Gross,

Your check has been returned unhonored by your bank.

When we received this check from you, we suspended any further collection activity on this long overdue account. The return of your check by the bank means that this account is now due in full.

If we do not receive a cashier's check, money order, or wire for the balance in full, we will resume collection activity.

If you have any questions, please call us at (800) 846-6406.

Sincerely,

Cindy Ylinen
Account Representative

IF YOU HAVE CONCERNS REGARDING THE HANDLING OF YOUR ACCOUNT BY GC SERVICES, PLEASE CONTACT A. T. CARAWAY, GENERAL MANAGER, AT 800-846-6406.

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

GC Services Limited Partnership -Collection Agency Division -6330 Gulfton, Houston, TX 77081

AMEX-RC-F      0017

## GC Services Limited Partnership

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**CONSUMER INFORMATION:**
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY *PORTION THEREOF*, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

**ESTE ES UN INTENTO PARA COBRAR UNA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA CON ESE PROPOSITO.**

**INFORMACION AL CONSUMIDOR:**
A MENOS QUE USTED, DENTRO DE LOS TREINTA (30) DIAS RECIBIR NOTIFICACION ESCRITA INICIAL RELATIVA A ESTA DEUDA, DISPUTE LA VALIDEZ DE LA DEUDA, O CUALQUIER PARTE DE LA MISMA, LA DEUDA SERA ASUMIDA COMO VALIDA POR GC SERVICES. SI USTED NOTIFICA A GC SERVICES POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, QUE LA DEUDA, O CUALQUIER PORCION DE LA MISMA, ES CUESTIONADA, GC SERVICES OBTENDRA VERIFICACION DE LA DEUDA O UNA COPIA DE UN DICTAMEN CONTRA USTED Y GC SERVICES LE ENVIARA POR CORREO UNA COPIA DE DICHA VERIFICACION O DICTAMEN. SI USTED LO SOLICITA POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, GC SERVICES LE COMUNICARA EL NOMBRE Y DIRECCION DEL ACREEDOR ORIGINAL, SI FUERA DISTINTO DEL ACREEDOR ACTUAL.

LAS DEMANDAS DE PAGO DE ESTA CARTA NO REDUCEN SUS DERECHOS DE DISPUTAR ESTA DEUDA, O CUALQUIER PORCION DE LA MISMA, Y/O A SOLICITAR VERIFICACION DENTRO DEL PERIODO DE TREINTA (30) DIAS ANTES MENCIONADO.

**NYC Residents:** NYC Department of Consumer Affairs' specific license # varies as to city/state location of sender: Elgin - 2032602; Houston - 2032594; Jacksonville - 2032579; San Antonio - 2032610; Columbus - 2032587; Huntington – 2032616; Knoxville - 2032597; San Diego - 2032615; Copperas Cove - 2032601; Irwindale - 2032591; Oklahoma - 2032603; St. Louis - 2032598; Phoenix - 2032606; Tucson - 2032592

000940101T0000